**Shanghai Commercial Bank Ltd. v New Tent, LLC**

2025 NY Slip Op 31523(U)

April 26, 2025

Supreme Court, New York County

Docket Number: Index No. 850240/2024

Judge: Andrea Masley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

--------------------------------------------------------------------------------X

SHANGHAI COMMERCIAL BANK LTD., NEW YORK BRANCH, and THE SHANGHAI COMMERCIAL & SAVINGS BANK, LTD.,

Plaintiffs,

- v -

NEW TENT, LLC, NEO IMAGE ENTERPRISES, LLC, A&H INSTALLATION INC., MILESTONE CONSTRUCTION CORP., COLGATE RENTALS CORP., UNITED STATES SMALL BUSINESS ADMINISTRATION, M & D INSTALLERS, INC., NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY DEPARTMENT OF FINANCE, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, and JOHN DOE NO. 1 TO JOHN DOE NO. 100,

Defendants.

--------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 850240/2024 |
| **MOTION DATE** | -- |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 002) 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 146, 150, 151, 152, 153, 154, 155, 156, 157, 158, 160, 162, 163, 164, 165, 166, 169, 170, 171, 172, 173, 174, 178, 192

were read on this motion to/for        JUDGMENT - SUMMARY        .

In motion sequence number 002, plaintiffs Shanghai Commercial Bank Ltd., New York Branch (Shanghai Bank) and The Shanghai Commercial & Savings Bank, Ltd. (Shanghai Commercial & Savings Bank; together, Banks) move (i) pursuant to CPLR 3212, for summary judgment against defendants New Tent, LLC and Neo Image Enterprises, LLC (together, Borrowers) for breach of the Forbearance Agreement, requiring transfer of title to the property at issue in this action, 335 West 35th Street, New York County, New York (designated as block 759, lot 18), by the terms of that agreement, and/or, in the alternative, for foreclosure against the Borrowers, (ii) pursuant

850240/2024   SHANGHAI COMMERCIAL BANK LTD., NEW YORK BRANCH ET AL vs. NEW TENT, LLC ET AL
Motion No.  002

Page 1 of 7

[* 1]

to CPLR 3218, to strike the Borrowers' answer (NYSCEF Doc. No. [NYSCEF] 74), or, in the alternative, deem the allegations identified in the accompanying memorandum of law as admitted, (iii) pursuant to CPLR 3212, for summary judgment against defendant M&D Installers, Inc., d/b/a M&D Door and Hardware (M&D) and to enter an order affirming the seniority of the Banks' lien over M&D's mechanics' lien; (iv) pursuant to CPLR 3215, for default judgment against defendants Milestone Construction Corp. (Milestone), Colgate Rentals Corp. (Colgate), the United States Small Business Administration (USSBA), the New York City Environmental Control Board (Environmental Control Board), the New York City Department of Finance (Department of Finance), and the New York Department of Taxation and Finance (Department of Taxation and Finance), and (v) pursuant to CPLR 3217, to dismiss the John Doe defendants from the action and to amend the caption accordingly.

The Banks allege the following three claims: (1) declaratory judgment[1]/breach of the Forbearance Agreement against the Borrowers, or in the alternative, (2) for mortgage foreclosure against the Borrowers and (3) for foreclosure of personal property against the Borrowers.  (NYSCEF 2, Complaint ¶¶ 28-78.)  The Banks allege no claims against the other named defendants.  As previously stated, in this motion the Banks

---

[1] The Banks seek a declaration that the Banks "are entitled to immediately record a deed and related documentation establishing good and valid title to 335 West 35th, and that the Borrowers must cooperate with [the Banks] in accordance with their obligations under the Forbearance Agreement to effectuate the same, immediately and permanently deliver possession of the property and collateral, along with a judgment for interest, attorneys' fees, and costs allowable by agreement or applicable law (such sums limited for purposes of this action to recovery from the proceeds of the collateral)." (NYSCEF 2, Complaint ¶ 50.)  Upon review of the motion papers, the Banks do not seek a judgment for interest, attorneys' fees, and costs.

850240/2024   SHANGHAI COMMERCIAL BANK LTD., NEW YORK BRANCH ET AL vs. NEW        Page 2 of 7
TENT, LLC ET AL
Motion No.  002

[* 2]                                          2 of 7

seek an entry of a declaratory judgment (first cause of action), or, in the alternative,

foreclosure of real and personal property (second and third causes of action).

**Discussion**

Items (i) and (ii)

For the reasons stated on the record on March 21, 2025, the motion is granted

as to item (i). Pursuant to the Forbearance Agreement,

> "Borrower Parties hereby agree that, upon the expiration or early termination of the Forbearance Period without the simultaneous repayment in full of the Loan, Borrower shall immediately deliver (or shall immediately cause the delivery of) possession of the Property to Agent, Lenders or their designee(s), free and clear of all liens and encumbrances whatsoever except for liens and encumbrances expressly permitted under the Loan Documents, and any other collateral granted in connection with the Loan to Agent, Lenders or their designee(s), and the Deed in Lieu Documents shall, upon Agent's direction at such time or any time thereafter, be automatically and unconditionally released from escrow to Agent or its designee(s). From and after the expiration or termination of the Forbearance Period, Agent shall have the right to file and/or record with the appropriate governmental authorities the Deed In Lieu Documents and exercise Agent's and Lenders' rights hereunder and thereunder against the Property …. If the Deed In Lieu Documents are released to Agent in accordance with this Agreement, Agent shall have the right to fill in the name of itself, any Lender, or its designee(s) as the grantee under the Deed In Lieu Documents and/or any dates and other factual information (which, absent manifest error shall be deemed to be correct and accurate) required under the Deed in Lieu Documents, including, without limitation, the legal description of the Property. If Agent elects to file and/or record the Deed In Lieu Documents, Borrower and each other applicable Borrower Party covenant that they shall take all action reasonably requested by Agent or any Lender in connection with such recordation, including, without limitation, to deliver any other documents or instruments that Agent or any Lender reasonably believes are necessary to transfer the Property to Agent, any Lender and/or their designee." (NYSCEF 80, Forbearance Agreement § 3[c] [emphasis added].)

850240/2024   SHANGHAI COMMERCIAL BANK LTD., NEW YORK BRANCH ET AL vs. NEW                Page 3 of 7
TENT, LLC ET AL
Motion No.  002

3 of 7

The Banks have demonstrated the Borrowers' failure to repay the loan in full upon the expiration of the forbearance period.  (*See* NYSCEF 78, Wu[2] aff ¶ 4; NYSCEF 5, Nov. 15, 2022 letter.)  In light of the court's decision, relief sought in item (ii) is moot.

Item (iii)

The Banks seek summary judgment against M&D and an order affirming the seniority of the Banks' lien over M&D's mechanics' lien.  As stated, the Banks asserted no claims against M&D in the complaint; they named M&D as defendant because M&D

> "may be a necessary party as, although there does not appear to be a perfected lien or UCC according to the title searches conducted by [the Banks], M&D filed a proof of claim in the New Tent Bankruptcy indicating that it had a claim in the amount of $38,683.83, approximately $8,156.37 of which was allegedly secured by a lien on the property of New Tent with the remainder being unsecured." (NYSCEF 2, Complaint ¶ 18.)

M&D filed an answer with three affirmative defenses asserting that M&D's lien is superior to the Banks' lien.  (NYSCEF 75, Answer at 8.)  Given that no claims are asserted against M&D, summary judgment cannot be entered against M&D.

Item (iv)

The Banks seek default judgment against Milestone, Colgate, USSBA, Environmental Control Board, Department of Finance, and Department of Taxation and Finance for failure to answer the complaint.  These parties were named as defendants because they recorded a lien against the property at issue or may come to have such a lien.  (NYSCEF 2, Complaint ¶¶ 10, 14, 16, 22, 24.)  The Banks, however, allege no causes of action against these defendants and seek no relief from them in the complaint.  Thus, motion for default judgment against Milestone, Colgate, USSBA,

---

[2] Chiu Nam Wu is Vice President of Shanghai Bank, which is authorized to act as agent for Shanghai Commercial & Savings Bank.  (NYSCEF 78, Wu aff ¶ 1.)

850240/2024   SHANGHAI COMMERCIAL BANK LTD., NEW YORK BRANCH ET AL vs. NEW TENT, LLC ET AL          Page 4 of 7
Motion No.  002

[* 4]                                        4 of 7

Environmental Control Board, Department of Finance, and Department of Taxation and Finance is denied. (*See Medina v Sheng Hui Realty LLC*, 2018 NY Misc LEXIS 1789, *6-7, 2018 WL 2136441, *6-7 [Sup Ct, NY County 2018] ["On a motion for a default judgment under CPLR 3215 based upon a failure to answer the complaint, a plaintiff demonstrates entitlement to a default judgment against a defendant by submitting: (1) proof of service of the summons and complaint; (2) proof of the facts constituting its claim; and (3) proof of the defendant's default in answering or appearing" (citations omitted)]; *Bd. of Mgrs. of 255 Hudson Condominium v Esen*, 2018 NY Misc LEXIS 11105, *3 n 3 [Sup Ct, NY County] ["Although plaintiff alleges that defendants New York City Department of Finance, New York City Water Board, and John Does 1-10 may have liens on plaintiff's recovery, no default can be taken against these entities since no claims were asserted against them in the complaint"].)

Item (v)

The Banks allege that defendants "John Doe No. 1 to John Doe No. 100" are "fictitious and unknown to [the Banks] and are named herein to designate any and all non-party tenants, occupants, persons, corporations, or other entities, if any, having or claiming an interest in or lien upon the Properties or any part thereof, which is subject to the liens of [the Banks] discussed herein." (NYSCEF 2, Complaint ¶ 25.) Upon application to the court, it is within the court's discretion to permit plaintiff to voluntarily discontinue the action. (*See* CPLR 3217 [b].) "While the determination upon such an application is generally within the sound discretion of the court, a party ordinarily cannot be compelled to litigate and absent special circumstances, such as prejudice to adverse parties, a discontinuance should be granted." (*Bank of America, National Association v*

850240/2024  SHANGHAI COMMERCIAL BANK LTD., NEW YORK BRANCH ET AL vs. NEW TENT, LLC ET AL
Motion No. 002

Page 5 of 7

5 of 7

*Douglas*, 110 AD3d 452, 452 [1st Dept 2013] [citations omitted].) No special circumstance has been shown here, and thus, the court grants the portion of the motion seeking to discontinue this action against "John Doe No. 1 to John Doe No. 100."

This decision supplements the decision made on the record on March 21, 2025.

Accordingly, it is

ORDERED that the Shanghai Commercial Bank Ltd., New York Branch and The Shanghai Commercial and Savings Bank, Ltd.'s motion is granted as to items (i) and (v) and the balance of the motion is denied; and it is further

ADJUDGED and DECLARED that Shanghai Commercial Bank Ltd., New York Branch and The Shanghai Commercial & Savings Bank, Ltd. are entitled to immediately record a deed and related documentation establishing good and valid title to the property at issue, 335 West 35th Street, New York County, New York (designated as block 759, lot 18), and that the New Tent, LLC and Neo Image Enterprises, LLC must cooperate with Shanghai Commercial Bank Ltd., New York Branch and The Shanghai Commercial & Savings Bank, Ltd. in accordance with their obligations under the Forbearance Agreement to effectuate the same, immediately and permanently deliver possession of the property and collateral; and it is further

ORDERED that the action is discontinued as against "John Doe No. 1 to John Doe No. 100"; and it is further

ORDERED that caption be amended to reflect the discontinuance and that all future papers filed with the court bear the amended caption; and it is further

ORDERED that counsel for movants shall serve a copy of this order with notice of entry upon the Clerk of the Court and the Clerk of the General Clerk's Office, who are

**850240/2024   SHANGHAI COMMERCIAL BANK LTD., NEW YORK BRANCH ET AL vs. NEW TENT, LLC ET AL**
**Motion No. 002**

**Page 6 of 7**

directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh).

|  |  |
|---|---|
| **4/26/2025** | 20250426080112AMASLEYDF6FA9C50B3D43138C42F0C17EB62DBC |
| **DATE** | **ANDREA MASLEY, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**850240/2024 SHANGHAI COMMERCIAL BANK LTD., NEW YORK BRANCH ET AL vs. NEW TENT, LLC ET AL**
**Motion No. 002**

**Page 7 of 7**

7 of 7

[* 7]